# Mountz, Appellant, *v.* Philadelphia, Harrisburg & Pittsburg Railroad Company.

*Railroads—Eminent domain—Remedy—Trespass—Viewers.*

Where a railroad has entered upon land without the consent of the owner and without making just compensation to him or securing the payment of such compensation, the remedy of the landowner is by an action of trespass, and not by petition for the appointment of viewers. If the owner is dead such action must be brought by his heirs at law, and not by his executor or administrator.

Argued April 28, 1902. Appeal, No. 50, Jan. T., 1902, by plaintiffs, from order of C. P. Cumberland Co., Feb. T., 1902, No. 170, refusing application for viewers in case of Elias Mountz and John S. Strickler, Administrator of Benjamin Kauffman, Deceased, v. Philadelphia, Harrisburg & Pittsburg Railroad Company. Before McCollum, C. J., Mitchell, Dean, Fell and Potter, JJ. Affirmed.

Rule to show cause why viewers should not be appointed.

From the record it appeared that the defendant's railroad was located on the land of Benjamin Kauffman in 1872, without compensation being made to the owner for the land taken, or security being given for the damages occasioned by the location. It did not appear that the entry was made with the consent of the owner. Benjamin Kauffman died in 1887, intestate, whereupon the land became vested in his heirs at law, who conveyed the land to William H. Kunkle in 1889. The said land, by divers conveyances, passed to D. B. Hoerner, on September 1, 1895, who, by deed in fee, conveyed on February 19, 1901, the entire right of way occupied by the railroad to the company.

Biddle, P. J., filed the following opinion :

The petition before us cannot properly be used for the recovery of damages for an unlawful entry, its legitimate purpose being to obtain compensation for a right with which the railroad company becomes vested : McClinton v. Pittsburg, etc., Ry. Co., 66 Pa. 404.

As Benjamin Kauffman died in 1887, and in 1889 his heirs conveyed the farm to W. H. Kunkle, and in 1901 the railroad company acquired in fee simple the strip of land which it occupies across said farm, it is clear that Benjamin Kauffman's administrators have no standing, nor has anyone else, to have viewers appointed as prayed for: McClinton v. Pittsburg, etc., Ry. Co., supra; Keller v. Harrisburg, etc., Railroad Co., 151 Pa. 67.

Further, a proceeding like the present must be instituted by the holder of the title, either as owner or lessee; it cannot be begun by an administrator.

And now, February 3, 1902, the rule granted on January 7, 1902, is discharged.

*Error assigned* was the order of the court.

*William S. Hoerner*, with him *D. Watson Rowe* and *F. E. Beltzhoover*, for appellant.

*Wetzel & Hambleton*, for appellee, were not heard.

PER CURIAM, May 19, 1902:

The order appealed from is affirmed on the opinion of the learned judge of the common pleas.